UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Plaintiff,

v.

KENNETH SWANSON,

Defendant.

Case No. 25-cv-07965-EKL (SVK)

**DISCOVERY ORDER RE DKT. 28; ORDER SETTING HEARING**

Re: Dkt. No. 28

Before the Court is Defendant and Counter-claimant Swanson's request to compel further responses from Plaintiff and Counter-defendant Travelers to Requests for Production ("RFPs"), Interrogatories and Requests for Admission ("RFAs"). Swanson also raises issues with Travelers' privilege log, production format, boilerplate objections and ambiguity as to whether Travelers' responses extend to its workers' compensation division. Dkt. 28 at 2. Travelers defends its discovery responses, except for the privilege log which it offers to amend to comply with Rule 26 and this Court's Civil & Discovery Referral Matters Standing Order.[1] *Id.*

The Court has evaluated the Joint Discovery Submission ("Submission"), the relevant, permissible attachments, the summary chart and the relevant Rules and determines that nearly all of the disputes may be resolved without oral argument. Civ. L.R. 7-1(b). However, because of the concerns raised by the Court below, and one request for additional information to resolve disputed Interrogatory no. 5, the Court determines that the Parties will benefit from a hearing and **sets this matter for a video hearing on September 1 at 10 a.m.**

////

[1] "Rule" refers to the Federal Rules of Civil Procedure, unless otherwise indicated.

United States District Court
Northern District of California

**1. The Nature of Travelers' Responses**

First and foremost, the Court cannot overstate how gravely concerned it is by the rambling and often inapplicable objections asserted by Travelers in response to each and every disputed discovery request. *See* Exhibits 1, 4, 5, and 6.[2] Just by way of example, in response to RFP 1 seeking a copy of a workers' compensation policy issued to Swanson's employer, Travelers absurdly objects on grounds of attorney-client privilege and that responsive documents are "within requesting party's possession, custody or control." Ex. 1 at 1. Travelers' supplemental response fares no better as it still asserts an implausible attorney-client privilege and an untenable "vague and ambiguous" objection. *Id*. at 2. Every set of objections in Exhibit 1 is similarly flawed. As such, the objections bear the earmark of having been either generated by artificial intelligence or drafted by unsupervised counsel. Either scenario is not only troubling to the Court but troublesome for Travelers. Rule 26(g)(1) expressly states:

> By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> . . . (B) with respect to a discovery request, response, or objection, it is:
>
> > (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> >
> > (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

*See also*, Rule 11(b); Civ. L.R. 5-1(i). **Travelers will be prepared to address this issue at the hearing.**

Travelers' purported privilege log similarly reflects either an AI product or that of someone utterly unfamiliar with the Rules. Exhibit 10. No court in this District would accept Travelers' initial log, which does not come close to compliance with Rule 26(b)(5) or this Court's explicit instructions in its Civil & Discovery Referral Matters Standing Order, section 7(c).

---

[2] Exhibits to a Joint Submission should be filed as individual attachments on ECF, not merely included with the Joint Submission as a single, unmanageable document.



United States District Court
Northern District of California

United States District Court
Northern District of California

Travelers' belated offer to serve an amended log appears to be a request for forgiveness, without acknowledging the obvious error of its ways. **Travelers will serve an amended privilege log that complies with Rule 26 and this Court's standing order no later than August 25, 2026.**

As for Travelers' production format, specifically Travelers' statement that its production comprises documents as they are kept in the ordinary course of business, Travelers will provide a declaration signed by counsel of record affirming that, pursuant to counsel's thorough review, all (or if necessary some or none) of the documents have been produced as they are maintained by Travelers, as required by Rule 34(b)(2)(E)(i). For any documents that do not conform to the Rule, the documents will be produced again by Travelers as they are maintained in the ordinary course of business, and the production shall clearly identify which previously produced documents it is replacing. **The declaration of counsel and, if necessary, further production, will be served no later than August 25, 2026.** All other relief requested by Swanson pursuant to this grievance is **DENIED**.

Swanson's last, general complaint that Travelers may not have included its workers' compensation division in its responses is not supported by Travelers' responses in this record and is therefore **DENIED**.

**2. Rulings on Disputed Requests**

The Court's reasoning and rulings on specific disputed requests are set forth in Attachment A to this Order and incorporated herein. All supplemental responses must be verified. **All supplemental responses and productions must be served no later than August 25, 2026.**

**3. Additional Issues**

a. It appears from the Joint Submission that the Parties have not yet executed a protective order. Dkt. 28 at 7. **Counsel are to promptly meet and confer regarding this Court's standard model protective order and submit either a stipulated order or Joint Submission addressing any disputes no later than August 25, 2026.** Any dispute must conform with this Court's Civil & Discovery Referral Matters Standing Order, section 7(a).

////

b. Attachment A contains additional, specific orders, which the Court repeats here for convenience of the Court and counsel:

i. Regarding the disputed RFAs and Interrogatory no. 9, both Parties have obligations to identify the Travelers attorney involved in communications with Mr. French or to provide a declaration of counsel as to why the information is not available **on the timetable provided in Attachment A.**

ii. Regarding Travelers' obligation to supplement its RFA responses, if, following a reasonable and diligent inquiry Travelers' response is unchanged, counsel for Travelers will attest to the inquiry it undertook and whether it was able to identify counsel **no later than August 25, 2026.**

iii. Regarding Interrogatory no. 5, reserves as to Swanson's UIM claim, the Parties are to meet and confer as directed in Attachment A.

Finally, and in conclusion, the Court acknowledges that the discovery cut-off has been extended 60 days, which has been taken into account in setting the deadlines above.

**SO ORDERED.**

Dated: August 10, 2026



SUSAN VAN KEULEN
United States Magistrate Judge

**ATTACHMENT A**

Category A: RPDs - Insurance Policies

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **RFP No. 1** | A certified copy of each workers' compensation policy that YOU issued to ALLIED and that was in effect at the time of the SUBJECT INCIDENT. | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney-client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous. Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Responding Party will produce all non- privileged responsive documents in its possession, custody or control, if any. Discovery is ongoing, and | Within 10 days, produce the workers' compensation policy. | No production of the workers' compensation policy issued to a non-party. | Travelers' Objections are **OVERRULED**; the policies are relevant and proportional to the needs of the case and will be produced. Rule 26. Specifically, ALLIED is not a dis-interested third party but Plaintiff's employer. As such, the workers' compensation policy may be relevant to the disputed offsets under the UIM policy. Further, because the responsive policies are easily identifiable and reasonably presumed not to be voluminous, the request is proportional to the needs of the case. Travelers' concerns re privacy are not well-founded in light of ALLIED's relationship to |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Responding Party reserves the right to alter and/or supplement this response.<br><br>**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**<br>Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under FRCP 26(b)(1). This action is strictly a claim for declaratory relief concerning the interpretation, scope, and coverage limits of an Underinsured Motorist (UIM) policy. The internal policy terms, conditions, premium structures, and corporate underwriting data of a separate Workers' Compensation policy issued to a third-party (ALLIED) have no bearing on the contractual interpretation of the UIM policy at issue. Pursuant to FRCP 34(b)(2)(C), Plaintiff specifies that it is withholding the workers compensation policy. | | | Plaintiff and the model protective order readily available to the Parties on the Court's website. |

Category B: RPDs - Claims-Handling Manuals

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
| --- | --- | --- | --- | --- | --- |
| **RFP No. 50** | The complete claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda that set forth company practices or policies that were or should have been utilized where YOU are both the UIM carrier and the workers' compensation carrier. | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney-client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous. Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.<br>**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**<br>Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney client privilege or the work product doctrine. Responding Party objects that this request is vague and | (1) Mr. Swanson will stipulate to production under the Northern District's Model Stipulated Protective Order for Standard Litigation and<br>(2) He offers to narrow the request to all claims-handling manuals, guidelines, bulletins, training materials, and internal policies applicable to (a) UIM claims, (b) workers' compensation claims, or (c) claims in which Travelers is both the UIM and workers' compensation carrier, including any addressing offsets, credits, or coordination between the two files, that were in effect at any time from his October 22, 2019, accident through the present.<br>He requests that these materials be produced within 10 days. | No production of Travelers' proprietary claims handling manuals. | Travelers' Objections are **OVERRULED**; the claims-handling materials are relevant and proportional to the needs of the case. Travelers' concerns regarding proprietary materials are not well-founded, particularly in light of Plaintiff's proffered stipulation to the Court's model order. Accordingly, the Court **adopts the compromise** proposed by Plaintiff in response to this RFP as to scope of production. Timing of production will be as directed by this Court's ORDER. |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | ambiguous as to "should have been utilized" and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under FRCP 26(b)(1). Specifically, the request lacks any temporal limitation, seeking documents indefinitely into the past. The request is not proportional to the needs of the case because it demands "complete" corporate manuals, policies, and guidelines, much of which contain proprietary business information and trade secrets protected from disclosure absent a protective order pursuant to FRCP 26(c).<br>Pursuant to FRCP 34(b)(2)(C), Plaintiff specifies that it is withholding all documents pursuant to the objections herein.<br>Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | reasonably calculated to lead to the discovery of admissible evidence. | | | |
| **RFP No. 51** | The complete claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda that set forth company practices or policies that were or should have been utilized during the time that YOU handled, processed or investigated DEFENDANT's claims RELATING TO the SUBJECT INCIDENT. | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney-client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous. Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.<br>**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**<br>Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the | 1) Mr. Swanson will stipulate to production under the Northern District's Model Stipulated Protective Order for Standard Litigation and<br>(2) He offers to narrow the request to all claims-handling manuals, guidelines, bulletins, and written policies applicable to the handling, processing, or investigation of UIM claims, workers' compensation claims, or claims in which Travelers serves in both roles – including any addressing offsets, credits, or coordination among the claims – in effect at any time during Travelers' handling of Mr. Swanson's claims arising from the October 22, 2026, accident.<br>Mr. Swanson requests that the requested documents be produced in 10 days and that objections that don't state grounds with specificity be deleted . | No production of Travelers' proprietary claims handling manuals. | *See* Court Order in re RFP 50, incorporated herein by reference. Production of documents and addressing of inappropriate objections will be as directed in this Court's ORDER. |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | attorney client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous as to "should have been utilized" and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under FRCP 26(b)(1). Specifically, the request lacks any temporal limitation, seeking documents indefinitely into the past. The request is not proportional to the needs of the case because it demands "complete" corporate manuals, policies, and guidelines, much of which contain proprietary business information and trade secrets protected from disclosure absent a protective order pursuant to FRCP 26(c).<br>Pursuant to FRCP 34(b)(2)(C), Plaintiff specifies that it is withholding all documents pursuant to the objections herein.<br>Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. | | | |
| **RFP No. 52** | The complete claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda that set forth company practices or policies that apply when an employee is injured in an auto accident in the course and scope of employment with YOUR named insured. | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney-client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous. Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.<br>**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**<br>Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding | (1) Mr. Swanson will stipulate to production under the Northern District's Model Stipulated Protective Order for Standard Litigation and<br>(2) He offers to accept production of all claims-handling manuals, procedures, guidelines, bulletins, and memoranda applicable to claims arising from an employee's injury in an auto accident in the course and scope of a Travelers' workers' compensation insured, including where Travelers also affords the UIM coverage, and including those materials addressing, intake, cross-file referral, offsets, credits, and coordination between the workers' compensation and UIM claims, limited to versions in effect at any time during Travelers' handling of Mr. Swanson's claims.<br>He requests that production be made within 10 days. | No production of Travelers' proprietary claims handling manuals. | The objection is not well-taken for the reasons stated upon in re RFP 50 and therefore **OVERRULED**.<br><br>However, the request is **not proportional** to the needs of the case in that it is directed to the payment of the workers' compensation claim, which by itself is not relevant to the issues in the litigation. No further action by Travelers is required, other than as directed in the Court's ORDER. |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
| --- | --- | --- | --- | --- | --- |
| | | Party objects to this request to the extent it violates the attorney client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under FRCP 26(b)(1). Specifically, the request lacks any temporal limitation, seeking documents indefinitely into the past. The request is not proportional to the needs of the case because it demands "complete" corporate manuals, policies, and guidelines, much of which contain proprietary business information and trade secrets protected from disclosure absent a protective order pursuant to FRCP 26(c). Pursuant to FRCP 34(b)(2)(C), Plaintiff specifies that it is withholding all documents pursuant to the objections herein.<br>Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | reasonably calculated to lead to the discovery of admissible evidence. | | | |
| **RFP No. 53** | The complete claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda that set forth company practices or policies regarding California Insurance Code section 11580.2 offsets. | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney-client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous. Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the extent this request seeks the premature disclosure of expert information.<br>**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 53:** | (1) Mr. Swanson will stipulate to production under the Northern District's Model Stipulated Protective Order for Standard Litigation and<br>(2) He will accept production of all claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda applicable to offsets, credits, or reductions under Insurance Code section 11580.2, or addressing workers' compensation benefits as an offset against UIM claims, limited to versions in effect during Travelers' handling of Mr. Swanson's claims arising from the October 22, 2019, accident.<br>Mr. Swanson requests that production occur within 10 days and that objections that do not state specific grounds be deleted. | No production of Travelers' proprietary claims handling manuals. | *See* Court Order in re RFP 50, incorporated herein by reference. Production of documents and addressing of inappropriate objections will be as directed in this Court's ORDER. |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under FRCP 26(b)(1). Specifically, the request lacks any temporal limitation, seeking documents indefinitely into the past. The request is not proportional to the needs of the case because it demands "complete" corporate manuals, policies, and guidelines, much of which contain proprietary business information and trade secrets protected from disclosure absent a protective order pursuant to FRCP 26(c). Pursuant to FRCP 34(b)(2)(C), Plaintiff specifies that it is withholding all documents pursuant to the objections herein.<br>Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. | | | |
| **RFP No. 54** | The complete claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda that set forth company practices or policies regarding the identification, calculation, limitation, or exclusion of any element of loss not compensable under workers' compensation in connection with UIM claims. | Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney-client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous. Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the extent this request seeks the premature disclosure of expert information. | (1) Mr. Swanson will stipulate to production under the Northern District's Model Stipulated Protective Order for Standard Litigation and<br>(2) He offers to accept production of all claims-handling manuals, procedures, policies, guidelines, bulletins, and memoranda that set forth company practices or policies regarding the identification, calculation, limitation, or exclusion, in connection with UIM claims, of elements of loss not compensable under workers' compensation, limited to versions effective at any time during Travelers' handling of Mr. Swanson's claims arising from the October 22, 2019, accident.<br><br>He requests that production occur within 10 days and that objections not stated on specific grounds be deleted. | No production of Travelers' proprietary claims handling manuals. | *See* Court Order in re RFP 50, incorporated herein by reference. Production of documents and addressing of inappropriate objections will be as directed in this Court's ORDER. |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**<br>Responding Party incorporates by reference and asserts each of the General Objections to this request. Responding Party objects to this request to the extent it violates the attorney client privilege or the work product doctrine. Responding Party objects that this request is vague and ambiguous and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case under FRCP 26(b)(1). Specifically, the request lacks any temporal limitation, seeking documents indefinitely into the past. The request is not proportional to the needs of the case because it demands "complete" corporate manuals, policies, and guidelines, much of which contain proprietary business information and trade secrets protected from disclosure absent a protective order pursuant to FRCP 26(c). Pursuant to FRCP 34(b)(2)(C), Pursuant to FRCP 34(b)(2)(C), Plaintiff specifies that it is withholding all documents pursuant to the objections herein.<br>Further objection is made to the extent the request seeks confidential financial information. Responding Party objects to the extent the request impermissibly seeks information protected from disclosure by Article I, Section I of the California Constitution, the common law rights of privacy and/or Cal. Ins. Code §791.13, et seq. Responding Party objects to this request to the extent responsive documents are within requesting party's possession, custody or control. Responding Party objects to this | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Responding Party objects to the extent the requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. | | | |

Category C: RFAs – Travelers' Retained Counsel Communications with Mr. Swanson's Counsel

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **RFA No. 61** | In September 2024, TRAVELERS' counsel and Jesse French discussed, among other things, the possibility of postponing selection of an arbitrator in order to accommodate direct settlement discussions of SWANSON's UNDERINSURED MOTORIST claim. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel regarding the September 2024 communication with Mr. Swanson's counsel and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, ~~including whether the arbitration counsel was consulted and the basis for any continued inability to admit or deny.~~ | No further responses ordered. | Travelers' objections to this category of RFAs (nos. 61-62; 64-65; 69, 71, 78, 87, 90, 94, 101-102; 108, 110, 112-114) are **OVERRULED and Travelers will provide supplemental responses**, as directed below. **Counsel for Swanson will also respond as directed below.** The reasoning and ORDER below apply to each RFA in this category. |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | | | First, these inquiries go to Plaintiff's counter-claim for breach of the covenant of good faith and fair dealing. Second, the inquiries are not "incredibly vague" as Travelers suggests; they are directed to communications between Travelers' counsel and Mr. French at specific points in time. Third, Travelers' complaint that it would have to "ask every counsel that represented Travelers in 2025" is not credible. Surely Travelers has a file for Mr. Swanson's claim and/or other means for identifying the Travelers' attorney dealing with Mr. French. Finally, Traveler's reliance on the fact that "discovery is ongoing" for responses served in late July with a then-existing cut-off in September is disingenuous. If Travelers is not going to make an effort to |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | | | | identify a percipient witness near the end of fact discovery, then when?<br><br>Further, and notwithstanding the likelihood that Travelers can identify the responsible attorney, Mr. French is counsel of record for Swanson. Accordingly, **Mr. French has three days from the date of this Order to confirm the name of counsel to Travelers or to provide an explanation as to why he cannot do so.**<br><br>Regardless of whether Mr. French has the name, **Travelers will proceed with a reasonable inquiry, based upon <u>all</u> of the facts available to it regarding Mr. Swanson's claim, to identify counsel and respond to the RFAs.** The Court notes that an inquiry with counsel may or may not change Travelers' answers to these RFAs. **If the** |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | | | | **answer remains the same, counsel for Travelers will attest to the inquiry it undertook and whether it was able to identify counsel.** |
| **RFA No. 62** | TRAVELERS' counsel informed Jesse French in September 2024 that TRAVELERS would need a White Waiver to proceed with settlement discussions regarding SWANSON's UNDERINSURED MOTORIST claim | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request. | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel regarding the September 2024 communication with Mr. Swanson's counsel and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted and the basis for any continued inability to admit or deny. | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | | | |
| **RFA No. 64** | TRAVELERS' counsel did not respond within 15 days to Jesse French's September 30, 2024, request for confirmation of the remaining policy limits. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel and review its and its counsel's correspondence for the period September 30, 2024 through October 15, 2024 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the correspondence was reviewed, and the basis for any continued inability to admit or deny. | | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **RFA No. 65** | On October 24, 2024, TRAVELERS' counsel received an email from Jesse French that, among other things, asked for confirmation of the remaining policy limits. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel and review its and its counsel's email records for October 24, 2024 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email records for October 24, 2024 were reviewed, and the basis for any continued inability to admit or deny. | No further responses ordered. | |
| **RFA No. 69** | TRAVELERS' counsel did not respond to Jesse French's | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | October 24, 2024, email within 15 days. | calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | counsel and review its and its counsel's email and correspondence records for the period from October 24, 2024 through November 8, 2024 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email and correspondence records for the period October 24, 2024 through November 8, 2024 were reviewed, and the basis for any continued inability to admit or deny. | | |
| **RFA No. 71** | TRAVELERS' counsel did not respond within 15 days to the December 26, 2024, email received from Jesse French. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel and review its and its counsel's email and correspondence records for the period from December 26, 2024 through | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | January 10, 2025 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email and correspondence records for the period December 26, 2024 through January 10, 2025 were reviewed, and the basis for any continued inability to admit or deny. | | |
| **RFA No. 78** | TRAVELERS' counsel sent the February 25, 2025, email to Jesse French referenced in the immediately preceding Request in response to Jesse French's February 20, 2025, request for confirmation of the remaining policy limits. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel, review the February 20, 2025 request and February 25, 2025 email, and serve an amended answer admitting or denying (including with qualification if necessary), (2) or admit or deny each component part of the request, or (3) if | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email and correspondence records for the period December 26, 2024 through January 10, 2025 were reviewed, and the basis for any continued inability to admit or deny. | | |
| **RFA No. 87** | TRAVELERS' counsel did not respond to Jesse French's April 2, 2025, email within 15 days. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel and review its and its counsel's email and correspondence records for the period from April 2, 2025 through April 17, 2025 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | was consulted, whether the email and correspondence records for the period April 2, 2025 through April 17, 2025 were reviewed, and the basis for any continued inability to admit or deny. | | |
| **RFA No. 90** | TRAVELERS' counsel did not respond within 15 days to the June 10, 2025, email from Jesse French. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel and review its and its counsel's email and correspondence records for the period from June 10, 2025 through June 25, 2025 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email and correspondence records for the period June 10, 2025 through June 25, 2025 | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | were reviewed, and the basis for any continued inability to admit or deny. | | |
| **RFA No. 94** | TRAVELERS' counsel did not respond within 15 days to Jesse French's July 1, 2025, email. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, | Mr. Swanson proposes that Travelers choose one of the two options: (1) make an inquiry of its retained arbitration counsel and review its and its counsel's email and correspondence records for the period from July 1, 2025 through June July 16, 2025 and serve an amended answer admitting or denying the Request or (2) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email and correspondence records for the period July 1, 2025 through July 16, 2025 were reviewed, and the basis for any continued inability to admit or deny | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | | | |
| **RFA No. 101** | Following TRAVELERS' counsel's July 30, 2025, email to Jesse French, TRAVELERS did not contact SWANSON or his counsel at any time prior to the filing of this declaratory relief action on September 18, 2025. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows: | Mr. Swanson proposes that Travelers choose one of the three options: (1) make an inquiry of its counsel and claims representatives, review its claim files and correspondence for the period July 30, 2025 through September 18, 2025, and serve an amended answer admitting or denying the Request or (2) if Travelers contends that contact did occur during this period, deny with a qualification identifying the date and format of each contact, or (3) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including which files and correspondence were reviewed and which personnel and counsel were consulted and the basis for any continued inability to admit or deny. | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | | | |
| **RFA No. 102** | Following TRAVELERS' counsel's July 30, 2025, email to Jesse French, TRAVELERS' counsel did not write Mr. French at any time prior to the filing of this declaratory relief action on September 18, 2025 | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to | Mr. Swanson proposes that Travelers choose one of the three options: (1) make an inquiry of its counsel and review his correspondence for the period July 30, 2025 through September 18, 2025, and serve an amended answer admitting or denying the Request or (2) if Travelers contends that contact did occur during this period, deny with a qualification identifying the date and format of each contact, or (3) if Travelers still cannot deny or admit the Request, serve an amended answer describing the inquiry it undertook, including whether the arbitration counsel was consulted, whether the email and correspondence records for the period July 1, 2025 through July 16, 2025 were reviewed, and the basis for any continued inability to admit or deny | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | enable Responding Party to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | | | |
| **RFA No. 108** | TRAVELERS' counsel did not respond within 15 days to Jesse French's August 18, 2025, email | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Party to admit or deny the matter in this request. | Mr. Swanson proposes that Travelers choose one of the three options: (1) make an inquiry of its counsel and claims representatives, review its claim files and correspondence for the period August 18, 2025 through September 2, 2025, and serve an amended answer admitting or denying the Request or (2) if Travelers contends that contact did occur during this period, deny with a qualification identifying the date and format of each contact, or (3) if Travelers still cannot deny or admit the Request, serve an amended answer stating whether the arbitration counsel was consulted, whether the email and correspondence records for the period August 18, 2025 through September 2, 2025 were reviewed, and the basis for any continued inability to admit or deny | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | | | |
| **RFA No. 110** | TRAVELERS' counsel did not respond within 15 days to the September 10, 2025, email from Jesse French | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Part to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson proposes that Travelers choose one of three options: (1) make an inquiry of its counsel and claims representatives, review its claim files and correspondence for the period September 10, 2025 through September 25, 2025, and serve an amended answer admitting or denying the Request or (2) if Travelers contends that contact did occur during this period, deny with a qualification identifying the date and format of each contact, or (3) if Travelers still cannot deny or admit the Request, serve an amended answer stating whether the arbitration counsel was consulted, whether the email and correspondence records for the period September 10, 2025 through September 25, 2025 were reviewed, and the basis for any continued inability to admit or deny | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **RFA No. 112** | Between September 2024 and the filing of this action on September 18, 2025, TRAVELERS' counsel communicated on more than one occasion to Jesse French that a settlement offer would be forthcoming or that TRAVELERS intended to engage in settlement negotiations but no settlement offer was presented within thirty days of any such communication. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Part to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson proposes that Travelers (1) make inquiry of its counsel and review counsel's and its own correspondence for September 2024 through September 18, 2025, and serve an amended answer admitting or denying the Request, (2) answer each component separately, or (3) if Travelers still cannot deny or admit the Request, explain what inquiry was undertaken and state the basis for any continued inability to admit or deny. | No further responses ordered. | |
| **RFA No. 113** | TRAVELERS never notified SWANSON or Jesse French in writing that it had decided not | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably | Mr. Swanson proposes that Travelers (1) consult with its arbitration counsel and claims representatives, review their | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | to present a settlement offer regarding the UNDERINSURED MOTORIST claim. | calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Part to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | outgoing correspondence, including in the UIM file, and serve an amended answer admitting or denying the Request, (2) identify the writing providing such notice; or (3) if Travelers still cannot admit or deny, explain the inquiry undertaken (including what correspondence was reviewed) and state the basis for any continued inability to admit or deny. | | |
| **RFA No. 114** | TRAVELERS' counsel never notified Jesse French in writing that TRAVELERS had decided not to present a settlement offer regarding the | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to | Mr. Swanson proposes that Travelers do one of the following: (1) consult with its arbitration counsel and review his correspondence to the insured's counsel, and serve an amended answer admitting or denying the Request; (2) identify any | No further responses ordered. | |

| No. | Mr. Swanson's Request | Travelers' Response | Mr. Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | UNDERINSURED MOTORIST claim. | the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>After a reasonable inquiry, the information known and readily obtainable by Responding Party is insufficient to enable Responding Part to admit or deny the matter in this request.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | writing from counsel Travelers contends constitutes notice in writing; or (3) if Travelers still cannot admit or deny after inquiry, describe the investigation undertaken (including whether counsel was consulted and correspondence was reviewed) and state the basis for any continued inability to admit or deny. | | |

Category D: Interrogatories – Distinct Deficiencies

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **Rog General Def'n # 7.** | When used in connection with a person or entity, the term "IDENTIFY" or "IDENTITY" | | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | means to state the person's full and complete: (i) name; (ii) present or last known address, telephone, and email address; (iii) employment address, telephone number and email address (if a natural person); (iv) employment title, and (iv) relationship, if any to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person. | | | | |
| **Rog General Def'n #8** | When used in connection with a document, as defined by FRCP 34(a), the term "IDENTIFY" or "IDENTITY" means to state: (i) the type of document, (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; (v) the addressee(s) and recipient(s); and (vi) if the document | | | | |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | already has been produced in this action, its Bates-stamp number range. | | | | |
| **Rog No. 4** | IDENTIFY each payment YOU made in YOUR capacity as a workers' compensation carrier with respect to DEFENDANT's injuries from the SUBJECT INCIDENT, including the dollar amount, payment date, category of benefit (medical, temporary disability, permanent disability, or other), and payee. | The foregoing General Objections are incorporated herein by reference. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that entirely separate departments adjust workers' compensation and underinsured motorist claims. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>Responding Party paid $1,783.08 for Propounding Party's treatment.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson will accept Travelers' response in (1) chart form, including all the fields listed by the interrogatory or (2) a Bates-stamped record from its claims file that contains the requested fields and is verified as complete. | No further responses ordered. | Travelers' objections are **OVERRULED**; the response is insufficient, even if the only payment made is the payment identified. Travelers will supplement to identify all payments made by Travelers pursuant to ALLIED's workers' compensation policy to any person or entity arising from the SUBJECT INCIDENT. Travelers' response will include the dollar amount, date of payment, category of benefit and payee.<br><br>Travelers' reliance on the fact that "discovery is ongoing" for |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | | | | responses served in late July with a then-existing cut-off in September is disingenuous, particularly where, as here, the requested information existed in Travelers' records at the time of its response. |
| **Rog. No. 5** | IDENTIFY each reserve set or adjusted on SWANSON's UIM CLAIM, including the date of any change. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Responding Party objects that this request seeks a compilation of Responding Party's business records and the burden of deriving or ascertaining the answer will be substantially the same for either party. | Mr. Swanson cannot accept claim notes as a substitute for reserve information but would be willing to accept either (1) a chart tracking the initial reserve set and changes or (2) a Bates-stamped record from its claims system that shows the reserve history. | No further responses ordered. | The Court does not yet have enough information to rule on the adequacy of Travelers' response to this Interrogatory and accordingly **ORDERS** the Parties as follows:<br><br>In its response, Travelers merely refers to "claim notes" produced pursuant to Rule 33(d), which by itself is not sufficient. In the Joint Statement, at p. 7, Travelers identifies specific pages |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>Pursuant to Federal Rules of Civil Procedure, Rule 33(d), Responding Party identifies its claim notes, produced concurrently with these responses. | | | of claim notes that "include(s) reserve history." *See*, TRV000842-844<br><br>Accordingly, the Parties are **ORDERED to meet and confer promptly**, in advance of the hearing and either in person or by video conference, to review the proffered pages to determine if they provide the requested information. To be clear, Travelers' response, either in words or by responsive document, must identify each reserve and any adjustment to Swanson's UIM Claim.<br><br>If unresolved by meet and confer, the Court will address this matter at the hearing. |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **Rog No. 7** | IDENTIFY each person employed by or acting on behalf of YOUR workers' compensation division who had any communication with any person in YOUR UIM division regarding the DEFENDANT, the SUBJECT INCIDENT, DEFENDANT's UIM CLAIM, or DEFENDANT's workers' compensation claim | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>Thomas Draeger, Jamie Truett, Melissa Cruz, Simon Thompson, Micole Stoudt, and Laura Petrillo.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson proposes that Travelers either (1) serve an amended answer supplying for each individual the additional information the interrogatory seeks: (i) name; (ii) present or last known address, telephone, and email address; (iii) employment address, telephone number and email address (if a natural person); (iv) employment title, and (iv) relationship, if any to the plaintiff or defendant, or (2) produce Bates-stamped and verified copies of their actual communications (or, if privilege is asserted, log each communication for which privilege is claimed on a Rule 26-compliant privilege log). | No further responses ordered. | Travelers' supplemental response is insufficient. Plaintiff's instruction as to "identify" is reasonable and proportional to the needs of the case. For each name listed, provide the following information:<br>(i) name; (ii) present or last known address, telephone, and email address; (iii) employment address, telephone number and email address (if a natural person); (iv) employment title, and (iv) relationship, if any.<br>Travelers' failure to provide this basic information in addition to the names further demonstrates the lack of review or supervision by experienced counsel. |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| **Rog No. 8** | IDENTIFY each person who participated in the decision to file this declaratory relief action. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. | Swanson proposes that Travelers serve an amended answer limited to the nonprivileged facts sought, which include the name, title, division, and relationship to Travelers, without any need to communicate the substance of the communication. To the extent Travelers contends the individuals' identity is privileged, it should list that person's general identity on the privilege log along with the basis for the asserted privilege. | No further responses ordered. | Travelers' objections on the basis of attorney-client privilege and attorney work product are **SUSTAINED.** No further action required by Travelers. |
| **Rog No. 9** | IDENTIFY each COMMUNICATION – including by date and communication type – in which any representative of TRAVELERS, including any attorney acting on its behalf, represented to DEFENDANT that TRAVELERS intended to engage in settlement negotiations or present a settlement offer regarding DEFENDANT's UIM CLAIM. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. | Swanson proposes that Travelers consult with its arbitration counsel and claims personnel to identify both oral and written communications by the participants by date and then state whether or not any such communications occurred, in what form, and when and, to the extent that any communication is considered to be privileged, to log it on the privilege log. | No further responses ordered. | The Court incorporates herein its rulings as to the RFA categories above, all of which were directed to this topic. Both Parties are **ORDERED** to provide the information ordered above in re the RFAs or to **provide a declaration of counsel** as to why the information is not available following a diligent, reasonable inquiry. |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows: After a reasonable search and diligent inquiry, Responding Party has no responsive documents in its possession, custody or control. | | | |
| **Rog No. 10** | For each COMMUNICATION identified in response to the immediately preceding Interrogatory, IDENTIFY the next COMMUNICATION between TRAVELERS and the DEFENDANT, including its date. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. | Mr. Swanson requests that Travelers provide a response to the interrogatory and, if there was no such communication, to so state. To the extent privilege is claimed, the communication should be logged on the privilege log. | No further responses ordered. | Objection as to vague and ambiguous is **SUSTAINED**. No further action by Travelers is required. |
| **Rog No. 11** | IDENTIFY all manuals, procedures, policies, guidelines, bulletins, and memoranda in effect during YOUR handling of DEFENDANT's claims that address claims handling where YOU were both the UIM carrier and the workers' compensation carrier. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks | To the extent that Travelers claims any particular document is privileged, Mr. Swanson proposes that it log it on a compliant privilege log. If no responsive material exists, Mr. Swanson requests that Travelers so state. Otherwise, he requests that Travelers serve an amended answer identifying each responsive document, including by name, date, and | No further responses ordered. | Travelers' objections are **OVERRULED**. The Court incorporates herein its reasoning set forth above regarding RFPs 50-54. Travelers will respond to this interrogatory. |

| No. | Mr. Swanson's Request | Travelers' Response | Swanson's Proposed Compromise | Travelers' Proposed Compromise | Court ORDER |
|---|---|---|---|---|---|
| | | information protected by the attorney-client privilege and/or attorney work product doctrine. | the division(s) that generated the document and/or use it. | | |
| **Rog No. 12** | Describe YOUR methodology for calculating an offset to the UIM limits or reduction to UIM benefits for medical treatment not paid by any workers' compensation carrier, including the fee schedule rates used and any assumptions regarding Utilization Review approvals. | The foregoing General Objections are incorporated herein by reference. Responding Party objects that this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the request to the extent it requires a legal conclusion. Responding Party objects to the request to the extent that it is vague and ambiguous. Responding Party objects that this request is vague, ambiguous, and overbroad as to the defined terms. Responding Party objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party objects that this request seeks information that is not within Responding Party's personal knowledge and is equally available to Propounding Party by inquiry to other natural persons or organizations. Subject to and without waiving these objections or the General Objections, Responding Party responds on behalf of itself only, as follows:<br>Responding Party contends that the amounts incurred by Propounding Party or an amount to be determined by the Court should be offset from the policy.<br>Discovery is ongoing, and Responding Party reserves the right to alter and/or supplement this response. | Mr. Swanson proposes that Travelers serve an amended answer that either: (1) describes the methodology that it uses or has used to compute the asserted offsets with respect to medical treatment unpaid by a worker's compensation carrier, and that it provide the requested information about fee schedules (including the particular ones used) and utilization review approval assumptions; or (2) state under oath that it does not use or have any such methodology.<br>If the second option is selected, Mr. Swanson requests that Travelers confirm that it has never performed any calculation of the asserted offsets and/or reductions as to his claims. | No further responses ordered. | Travelers' objections are **OVERRULED** and its proffered response is so unclear that it further demonstrates the lack of review by counsel in drafting responses. Travelers is to provide a supplemental response with the information set forth in Swanson's proposed compromise, section (1) or state that no such methodology exists. |