United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Plaintiff,

v.

KENNETH SWANSON,

Defendant.

Case No. 25-cv-07965-EKL (SVK)

**ORDER FOLLOWING DISCOVERY HEARING**

Re: Dkt. Nos. 28, 31, 37

The Parties appeared in this discovery matter pursuant to Court Order. Dkt. 31. Prior to the hearing, Plaintiff filed a declaration of counsel regarding status of responding to outstanding discovery, which was the subject of further discussion at the hearing. Dkt. 37. The Court's rulings were set forth on the record and are summarized below for the Court's and Parties' convenience.

The Court admonished the Parties as follows:

1. Parties' initial discovery responses must be made in good faith and pursuant to a reasonable and diligent effort to comply with the Federal Rules of Civil Procedure, as required by Rules 1, 11, 16, 26, et al.
2. Parties are to refrain from asserting every objection they can think of without regard for applicability to the particular request for which the objections are asserted. Parties are on notice that continuation of this practice may be sanctioned by the Court.
3. Deadlines set by Court Order are not merely aspirational but are mandatory. If a Party has a good faith belief that it needs a modest extension to comply with an order, it will first endeavor to obtain a stipulation to the extension from opposing counsel, which will not be unreasonably withheld. If a stipulation is not available, a Party must timely

United States District Court
Northern District of California

file an administrative motion seeking relief from a court order, in accordance with the Civil Local Rules.

4. Parties are not to file unsanctioned documents, which are a waste of client and court resources.

Regarding the outstanding discovery disputes, the Court's rulings are as follows:

1. All forthcoming discovery responses must be verified at time of service. If Plaintiff is standing on previous responses, it must provide verifications for all such responses no later than September 11, 2026.
2. Response and production deadlines are set for September 11, 2026, unless otherwise indicated. Plaintiff is to commence a rolling production as soon as documents are ready to produce and not hold its entire production for September 11, 2026.
3. The following documents are to be produced by Plaintiff as directed in this Order:
   a. RFPs 50-54, directed to various manuals and handbooks;
   b. RFP 1, responsive workers' compensation insurance policies;
   c. The responsive workers' compensation file, the only remaining task for which is the final attorney review;
   d. The UIM claim file, which currently comprises a single 3,000-page pdf will be reproduced with the assistance of a third party vendor as a book-marked pdf;
   e. The UIM claim file production end date will be expanded from July 2025 through September 30, 2025;
   f. The UIM claim notes, with only appropriate redactions, are ready for production and will be produced **no later than September 4, 2026**;
   g. Regarding the duplicate set of UIM claim notes which have been fully redacted to avoid the need to more precisely redact a duplicate file (as explained by counsel on the record), Plaintiff will provide a declaration to the effect that the duplicate file has been reviewed either by or under the

supervision of counsel and its duplicative nature confirmed. If the file is not in fact duplicative, counsel shall meet and confer to address next steps;

h. An amended privilege log arising from prior productions is ready for production and will be produced **no later than September 4, 2026**;

i. The privilege log reflecting the UIM and workers' compensation files, the production of which are underway as noted above, will be produced **no later than September 18, 2026**;

j. Plaintiff's amended responses to interrogatories, except as noted below, are ready for service and will be served **no later than September 4, 2026**;

k. Plaintiff's amended responses to Interrogatories nos. 4, 5, 7, 11 and 12, will be served no later than September 11, 2026;

l. Plaintiff's amended response to Interrogatory no. 9 is, at least in part, ready to serve and shall be served **no later than September 4, 2026**. If Defendant has evidence of additional dates of responsive settlement discussions between counsel, he shall forward those dates to Plaintiff and Plaintiff will search plaintiff's counsel's time entries for responsive additional responsive information. Once defense counsel has an opportunity to review all of the responses, counsel are to meet and confer regarding whether additional responsive documents reflecting discussions with additional counsel are to be produced.

**SO ORDERED.**

Dated: September 1, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California